United States Courts
Southern District of Texas
F I L E D

JUL 02 2020

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ANTHONY EMOKPAIRE,                    §
                                      §
          Plaintiff,                  §
                                      §
v.                                    §        CASE NO. _____
                                      §
FIESTA MART, LLC,                     §
                                      §
          Defendant.                  §
                                      §
                                      §

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, *et seq.*, Defendant Fiesta Mart, LLC ("Fiesta")

files this Notice of Removal of this action from State Court to this Court and respectfully states

as follows:

1.        On May 27, 2020, Plaintiff Anthony Emokpaire ("Plaintiff"), commenced a civil

action in the District Court of Harris County, Texas ("the State Court"), bearing the style,

*Anthony Emokpaire v Fiesta Mart LLC*, Cause No. 2020-31999 ("the Civil Action").  The Civil

Action is still pending in the State Court.

2.        Fiesta was served with a copy of the Summons and Petition in the Civil Action on

June 4, 2019, copies of which are attached as **Exhibit A**, and which constitute all process,

pleadings, and orders served on Fiesta in the Civil Action to date.

3.        Fiesta filed an Answer on June 18, 2020 in the Civil Action in State Court, copies

of which is attached as **Exhibit B**, and which constitutes all process, pleadings, and orders served

by Fiesta in the Civil Action to date.

4.     The Civil Action is one of which this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and removal jurisdiction pursuant to 28 U.S.C. § 1441 in that:

    a.  The Petition asserts a claim to recover damages for a violation of the Americans with Disability Act of 1990 ("ADA"), codified in 42 U.S.C. § 12101, *et seq.*

    b.  This Court has original jurisdiction of Plaintiff's ADA claim under the civil enforcement provisions of the ADA, 42 U.S.C. § 12117.

    c.  The Petition asserts a claim to recover damages for a discrimination under §703(a) of Title VII of the Civil Rights Act of 1964 ("Title VII"), codified in 42 U.S.C. § 2000e-2(a), *et seq.*

    d.  This Court has original jurisdiction of Plaintiff's discrimination claim under the civil enforcement provisions of Title VII, 42 U.S.C. § 2000e-5(f).

    e.  The Petition asserts a claim to recover damages for a retaliation under §704(a) of Title VII, codified in 42 U.S.C. § 2000e-3(a), *et seq.*

    f.  This Court has original jurisdiction of Plaintiff's retaliation claim under the civil enforcement provisions of Title VII, 42 U.S.C. § 2000e-5(f).

5.     Fiesta has filed this Notice prior to the expiration of thirty (30) days following its receipt of a copy of the Petition.

6.     The judicial district and division of this Court encompasses Harris County, Texas, the place where the Civil Action is pending.

7.     Fiesta will give written notice to Plaintiff and will file a Notice of Filing of Notice of Removal with the Clerk of the District Court of Harris County, Texas.  Fiesta attaches a copy of the Notice of Filing of Notice of Removal as **Exhibit C**.

WHEREFORE, Defendant Fiesta Mart, LLC prays that the Civil Action now pending against it in the District Court of Harris County, Texas be removed therefrom to this Court.

Dated: July 1, 2020                              Respectfully submitted,


By:  /s/Laura Reathaford
             Laura Reathaford (*pro hac vice pending*)
             **LATHROP GPM, LLP**
             2101 Cedar Springs Road, Suite 1400
             Dallas, Texas 75201
             Phone: (214) 983-6030
             Facsimile: (214) 983-6101
             Email: laura.reathaford@lathropgpm.com

             *Attorney for Defendant Fiesta Mart, LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of July 2020, a copy of the above pleading was served via first class United States mail, postage prepaid, on the following counsel of record:

Larry Boje
**LAW FIRM OF BOJE AND ASSOCIATES**
9898 Bissonnet, Suite 419
Houston, Texas 77036
Phone: (713)271-2500
Fax: (713)271-5353
Email: lawboje@att.net

*Attorney for Plaintiff*


             /s/Laura Reathaford
             Laura Reathaford

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
06/04/2020
CT Log Number 537742884

TO:     Stacy Walker
        FIESTA MART, INC.
        5444 Westheimer Rd, Suite 101
        Houston, TX 77056

RE:     **Process Served in Texas**

FOR:    Fiesta Mart, L.L.C.  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Anthony Emokpaire, Pltf. vs. Fiesta Mart LLC, Dft.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 202031999 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/04/2020 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | - |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780120764971 |
| | Image SOP |
| | Email Notification,  Stacy Walker  walkers@fiestamart.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 S La Salle St Ste 814<br>Chicago, IL 60604-1101 |
| **For Questions:** | 866-203-1500<br>DealTeam@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



CERTIFIED

7019 2280 0000 0781 7583

HARRIS COUNTY DISTRICT CLERK
P.O. Box 4651
HOUSTON, TEXAS 77210-4651

Fiesta Mart L.L.C.
c/o CT Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201-3136

CAUSE NO.   202031999

RECEIPT NO.   902735                    75.00      CTM
**********                    TR # 73754002

| | |
|---|---|
| PLAINTIFF: EMOKPAIRE, ANTHONY | In The    80th |
| vs. | Judicial District Court |
| DEFENDANT: FIESTA MART LLC | of Harris County, Texas |
| | 80TH DISTRICT COURT |
| | Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: FIESTA MART L L C BY SERVING ITS REGISTERED AGENT CT CORPORATION
SYSTEM

1999  BRYAN STREET SUITE 900    DALLAS TX 75201 - 3136

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

This instrument was filed on the 27th day of May, 2020, in the above cited cause number
and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
This citation was issued on 1st day of June, 2020, under my hand and
seal of said Court.

Issued at request of:
BOJE, LARRY
9898 BISSONNET SUITE 419
HOUSTON, TX  77036
Tel: (713) 271-2500
Bar No.: 24036241

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: THOMAS, LISA BE9//11506951

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND
to the following addressee at address:

_____

_____          ADDRESS

(a)ADDRESSEE                       Service was executed in accordance with Rule 106
                                   (2) TRCP, upon the Defendant as evidenced by the
_____          return receipt incorporated herein and attached
                                   hereto at

                                   on _____ day of _____, _____
                                   by U.S. Postal delivery to _____

                                   This citation was not executed for the following
                                   reason: _____

                                   MARILYN BURGESS, District Clerk
                                   Harris County, TEXAS

                                   By _____, Deputy

N.INT.CITH.P                              *73754002*

5/27/2020 4:32 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 43275717
By: Monica Jackson
Filed: 5/27/2020 4:32 PM

# 2020-31999 / Court: 080

NO: _____

| | | |
|---|---|---|
| ANTHONY EMOKPAIRE | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| FIESTA MART LLC | § | |
| Defendant. | § | HARRIS COUNTY TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

NOW COMES Plaintiff, ANTHONY EMOKPAIRE, and files this, his original Petition and respectfully shows the court and Jury the following:

### A.  Discovery Control Plan

1.  Plaintiffs intend to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

### B.  Parties

2.  Plaintiff, Anthony Emokpaire (hereinafter "Plaintiff" or Mr. Emokpaire) is an individual who worked for the defendant, Fiesta Mart L.L.C.

3.  Defendant, Fiesta Mart L.L.C is incorporated in Texas and its office is located at 5444 Westheimer Road Suite 101 Houston, Texas 77056. Defendant may be served through its registered agent- CT Corporation System, at 1999 Bryan Street Suite 900 Dallas, Texas 75201-3136.

### C.  Jurisdiction and Venue

4. Jurisdiction is proper because defendant is doing business in the State of Texas. The District courts of Harris County have jurisdiction over this cause of action because plaintiff's damages exceed the jurisdictional minimum of the court.

5.  Venue is appropriate because the cause of action giving rise to this case occurred in Harris county Texas.

### D.  Facts

7.    Plaintiff, Mr. Anthony Emokpaire  was  employed by defendant on July 11 2016 as a  full time bakery manager.

8. Plaintiff was diagnosed with cancer in the latter part of 2018.  He was compelled to apply for the Family and Medical Leave Act ( FMLA ) because of the severity of his illness.

9. Plaintiff further asked to extend the FMLA as it became clear that he needed more time to battle this grave illness.

10.  Plaintiff was subsequently given a non-FMLA leave to attend to his medical needs. On or about May 17 2019 defendant,  Fiesta  informed plaintiff that he had exhausted all combined leaves types available under Fiesta's leave of absence policy.

11. Plaintiff was asked to return to work on or before June 3 2019. Plaintiff, Mr. Anthony Emokpaire returned to work as instructed on June 3 2019.

12. Plaintiff  met with Mr. Enrique Tamez and Mitch Willis human resources business partner and director of operations respectively.

13. Plaintiff, Mr. Emokpaire was informed that his position was no longer available and was offered a non-managerial position as a Baker. Mr. Emokpaire was effectively demoted.

14. Defendant, Fiesta discriminated against plaintiff because of his disability. Fiesta " regarded Mr. Emokpaire as being disabled" because he was diagnosed with cancer.

15. Defendant considered plaintiff's medical condition terminal and therefore did not see the need to give him back his managerial position.

16. Fiesta perceived that plaintiff would not be able to function as a manager because of his disability.

17. By information and belief, plaintiff alleges that others similarly situated who are not African Americans have been treated differently in the past.

18. Defendant's assertion that "All Fiesta Associates and applicants are considered equally in, but not limited to, hiring, promotion, transfer, compensation, lay-off and termination without regard to race, color, religion, national origin, sex, age, disability, or any legally protected statute." is incorrect.

19. The defendant has violated the Americans with Disability Act of 1990, as amended.

20. Defendant's placement of plaintiff as a baker instead of a Bakery Manager was not solely on business needs but because Fiesta regarded plaintiff as disabled because he was diagnosed with Cancer.

21. Defendant, Fiesta obviously had Bakery manager positions open at the time plaintiff returned back to work. As a matter of fact Fiesta had advertised these positions.

22. At the time plaintiff returned to work on or about June 3 2019 these positions were still available. Fiesta believed that plaintiff had impairment and acted discriminatorily on that basis.

23. By information and belief, plaintiff alleges that Fiesta have very few African Americans in management positions. It would appear that denying plaintiff his managerial position is part of Fiesta's deliberate efforts to further reduce the number of African Americans in the managerial pool. This is in violation of Title VII of the Civil Rights Act of 1964, as amended.

24. Furthermore, by information and belief plaintiff alleges that Fiesta replaced plaintiff with a non African American.

25. When plaintiff complained about Fiesta's unlawful employment practices he was retaliated against. Fiesta created a very hostile work environment for plaintiff. It became unbearable for plaintiff to cope, given his medical condition. He was compelled therefore to leave Fiesta. Defendant, Fiesta constructively discharged plaintiff, Mr. Anthony Emokpaire.

### E. Conditions Precedent

26.      All conditions precedent to jurisdiction has been met.

27. Plaintiff is entitled to file a lawsuit in the appropriate judicial district court because plaintiff has filed  a charge of  discrimination base on Race, National Origin, disability and retaliation with the Equal Employment Opportunity Commission on or about October 9 2019 . The charge number is – 460-2019-04711.

28. Plaintiff received his right to sue letter  from EEOC on March 17, 2020.

4

### F. Causes of Action

### Count 1-Disability Discrimination

29. Plaintiff realleges and incorporates the preceding paragraphs 1-28, by inference.

30. Defendant violated the Americans with Disability Act of 1990 as amended when it discriminated against plaintiff because of his disability or perceived disability.

31. Defendant had more than 15 employees during the relevant period

32. Plaintiff is disabled

33. Plaintiff was qualified for the position of Bakery manager

34. Defendant treated Plaintiff as having an impairment that substantially limits major life activities because of its perception of plaintiff has having a disability.

35. Defendant should have known that the discrimination would affect plaintiff adversely.

36. Defendant's unlawful practice was intentional

37. The defendant's unlawful practices complained of were done with malice or reckless indifference to the legally protected rights of plaintiff.

38. Defendant discriminated against plaintiff because of his disability or perceived disability.

### Count II- Race Discrimination

39. Plaintiff realleges and incorporates the allegations from paragraphs 1-38

40. Defendant violated Title VII of the Civil Rights Act of 1964 as amended when it discriminated against plaintiff.

41. Defendant's disparate treatment of plaintiff because of his race is in violation of Title VII of the Civil Rights Act of 1964 as amended.

42. Defendant had 15 or more employees during the time period.

43. Defendant treated plaintiff different from other employees similarly suited as plaintiff.

44. Defendants actions were intentional and done with malice or reckless indifference to plaintiff's protected rights.

## Count. III- Retaliation

45 . Plaintiff realleges and incorporates the preceding paragraphs  1-44, by inference.

46. Defendant violated Title VII of the Civil Rights Act of 1964 as amended when it retaliated against plaintiff for complaining about defendant' discrimination because of his disability, taking FMLA and as a result of his race- African American.

47. Plaintiff upon information and belief alleges that the defendant created a hostile work environment because of his opposing to defendant's unlawful employment practices.

48. Defendant acted intentionally or reckless

6

## G. Damages

49. As a proximate cause of defendant's unlawful and illegal actions, plaintiff is entitled to compensatory and exemplary damages.

50. Plaintiff therefore seeks all damages allowed by Title VII of the Civil Rights Act of 1964 as amended and the American with Disability Act of 1990 including ;

Front and back pay, loss of enjoyment, mental anguish in the past and future, prejudgment and post judgment interest as allowed by law, reasonable and necessary cost of pursuing lawsuit, reasonable attorney's fees incurred by plaintiff and all other damages which plaintiff is entitled.

51. Plaintiff, in accordance with the Texas rule of civil procedure seeks monetary relief over $200,000 but not more than $1,000,000.  Plaintiff reserves the right to amend this should it become necessary.

## H. Jury Demand

52. Plaintiff hereby request for jury trial and will tender the fee later .

WHEREFORE, premise considered, plaintiff request that defendant be cited to appear and answer and that upon final trial plaintiff be awarded damages sought herein, and such other relief plaintiff may be entitled

Respectfully submitted,

7

By:/s/Larry Boje

    Larry Boje
    Texas Bar No. 24036241
    9898 Bissonnet Suite 419
    Houston Texas 77036
    PH: 713-271-2500
    FAX: 713-271-5353
    Attorney for Plaintiff

# EXHIBIT B

6/18/2020 4:13 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 43868438
By: Keeley Hodgins
Filed: 6/18/2020 4:13 PM

CAUSE NO. 2020-31999

| | | |
|---|---|---|
| ANTHONY EMOKPAIRE, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| FIESTA MART, LLC, | § | |
| *Defendant.* | § | |
| | § | 80TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER AND SPECIAL EXCEPTIONS TO PLAINTIFF'S PETITION

NOW COMES, Defendant Fiesta Mart, LLC ("Fiesta"), by and through its counsel, and files this Original Answer and Special Exceptions to Plaintiff's Original Petition.

## I.

## ORIGINAL ANSWER AND SPECIAL EXCEPTIONS

### A.   GENERAL DENIAL

1.     Pursuant to Texas Rule of Civil Procedure 92, Fiesta enters its general denial to all of the material allegations in Plaintiff's Original Petition ("Petition") and any amendment or supplemental petition that may be filed in this case, and demands strict proof thereof by the appropriate evidentiary standard, *i.e.*, preponderance of the evidence or by clear and convincing evidence, or as otherwise required by the Constitution and applicable state laws.

### B.   SPECIAL EXCEPTIONS

Fiesta specially excepts to Plaintiff's Petition for the following reasons:

2.     The Petition fails to state and allege facts sufficient to put Fiesta on fair notice of the claims against it. *See* TEX. R. CIV. P. 45 and 47.

3.      The Petition, in derogation of Rules 47 and 56 of the Texas Rules of Civil Procedure, fails to specify all items of special damages and amounts claimed by Plaintiff for which he seeks recovery.

4.      The Petition fails to specify with particularity the actions of Fiesta that would support an award of punitive or exemplary damages.

5.      The Court should strike the Petition in its entirety.  In the alternative, the Court should order Plaintiff to re-plead his allegations to enable Fiesta to prepare its defense and to comply with the Texas Rules of Civil Procedure.

### C.    AFFIRMATIVE DEFENSES AND SPECIFIC DENIALS

Defendant asserts and pleads the following affirmative defenses and specific denials:

1.      Plaintiff fails to state a claim upon which relief can be granted.

2.      Plaintiff failed to file a timely charge of discrimination after the questions involved in this suit first arose and therefore is barred from maintaining this action against Defendant.

3.      Plaintiff's claims against Fiesta are barred by the doctrines of preemption, laches, and applicable statutes of limitation.

4.      Plaintiff has failed to establish a claim of disability discrimination.

5.      Plaintiff has failed to establish a claim of race discrimination.

6.      Plaintiff has failed to establish a claim for retaliation.

7.      There should be no recovery against Fiesta because Plaintiff failed to mitigate any alleged damages.

8.      To the extent Plaintiff has failed to exhaust administrative remedies available to Plaintiff, Plaintiff's claims are barred.

32802638

9.     Plaintiff's proposed accommodations would create an undue hardship to the operation of Fiesta's business.

10.     Plaintiff should not recover punitive or exemplary damages because such an award, pursuant to either Texas Civil Practice & Remedies Code §41.001, *et seq.*, or common law, would: (1) violate the Excessive Fines Clause of the Eighth Amendment of the United States Constitution by failing to place a limit on the amount; (2) be void for vagueness and violate of the Equal Protection Clause of the Fifth and Fourteenth Amendments of the United States Constitution; and/or (3) violate Article 1, §§10 and 13 of the Constitution of the State of Texas.

11.     Plaintiff is not entitled to a punitive or exemplary damages award because he cannot meet his burden that requires proof by clear and convincing evidence to comport with the Due Process Clause of the Fourteenth Amendment of the United States Constitution, Section 19 of the Constitution of the State of Texas, and the constitution and laws of any other applicable state.

12.     Pursuant to Texas Civil Practice and Remedies Code §41.008, the trier of fact shall determine the amount of economic damages separately from the amount of other compensatory damages. Section 41.008 also limits punitive or exemplary damages to a maximum of (a) two times actual economic damages plus non-economic damages (not to exceed $750,000.00), or (b) $200,000.00, whichever is greater. The provisions of this section of the Code may not be made known to a jury by any means, including *voir dire*, introduction into evidence, argument, or instruction.

3

13.     AII reserves its right to amend its pleadings upon completion of discovery or as and when otherwise permitted by any applicable law, including the Texas Rules of Civil Procedure.

## II.

## DEMAND FOR JURY TRIAL

Fiesta demands a trial by jury.

## III.

## PRAYER

**WHEREFORE,** Defendant Fiesta moves and respectfully prays for the following relief:

a.     That Plaintiff takes nothing by his suit and that Defendant have judgment for its costs in this proceeding;

b.     That this Court grant Defendant such other and further relief, either at law or in equity, special or general, including contribution, set-off and/or credit, to which Defendant may show itself justly entitled to receive, including the submission of all proper jury issues to the trier of fact.

Respectfully submitted,

**LATHROP GPM, LLC**

*/s/ Samuel Garcia*
Samuel Garcia
Texas Bar No. 24080067
2101 Cedar Springs, Suite 1400
Dallas, Texas, 75201
Phone: 469.983.6030
Fax: 469-983-6101
Sam.garcia@lathropgpm.com
*Defense Counsel for Fiesta Mart, LLC*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been electronically e-filed with the Court and automatically served on all counsel of record through the Court's electronic filing system pursuant to the Texas Rules of Civil Procedure on this the 18th day of June, 2020.

*/s/ Samuel Garcia*

Samuel Garcia

# EXHIBIT C

7/1/2020 12:23 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44185357
By: Keeley Hodgins
Filed: 7/1/2020 12:23 PM

CAUSE NO. 2020-31999

| | | |
|---|---|---|
| ANTHONY EMOKPAIRE, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| FIESTA MART, LLC, | § | |
| *Defendant.* | § | |
| | § | 80TH JUDICIAL DISTRICT |

## <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

PLEASE TAKE NOTE that Defendant Fiesta Mart, LLC (erroneously sued as "Fiesta Mart LLC") filed with the Clerk of the United States District Court for the Southern District of Texas in Harris County ("Federal Court"), on July 1, 2020, a Notice of Removal of this case from this Court to the Federal Court. Defendant attaches a copy of the Notice of Removal as <u>Exhibit 1</u>.

Respectfully submitted,

**LATHROP GPM, LLC**

*/s/ Samuel Garcia*
Samuel Garcia
Texas Bar No. 24080067
2101 Cedar Springs, Suite 1400
Dallas, Texas, 75201
Phone: 469.983.6030
Fax: 469-983-6101
Sam.garcia@lathropgpm.com
*Defense Counsel for Fiesta Mart, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically e-filed with the Court and automatically served on all counsel of record through the Court's electronic filing system pursuant to the Texas Rules of Civil Procedure on this the 1st day of July, 2020.

*/s/ Samuel Garcia*
Samuel Garcia

2

32844654

# EXHIBIT 1

7/1/2020                          Office of Harris County District Clerk - Marilyn Burgess | Case (Cause) Details 202031999-7

**202031999 - EMOKPAIRE, ANTHONY vs. FIESTA MART LLC (Court 080)**

Chronological  Print
History  All
*(non-financial)*

| Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties |
|---|---|---|---|---|---|---|
| Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images |

*Click column headings to sort. Click again to toggle direction.*                                   Print Events

| Date | Description | Order Signed Date | First Judg. | Page | Volume/Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 6/18/2020 | ANSWER ORIGINAL PETITION | | | | | GARCIA, SAMUEL | FIESTA MART LLC |
| 5/27/2020 | ORIGINAL PETITION | | | | | BOJE, LARRY | EMOKPAIRE, ANTHONY |

[WS4]

## <u>LIST OF COUNSEL</u>

ATTORNEY FOR PLAINTIFF ANTHONY EMOKPAIRE

Larry Boje
LAW FIRM OF BOJE AND ASSOCIATES
9898 Bissonnet, Suite 419
Houston, Texas 77036
Phone: (713)271-2500
Fax: (713)271-5353
Email: <u>lawboje@att.net</u>

ATTORNEY FOR DEFENDANT FIESTA MART, LLC

Laura Reathaford (pro hac vice pending)
LATHROP GPM, LLP
2101 Cedar Springs Road, Suite 1400
Dallas, Texas 75201
Phone: (214) 983-6030
Facsimile: (214) 983-6101
Email: <u>laura.reathaford@lathropgpm.com</u>